1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
   Michael J. Manning, Esq. (State Bar No. 286879)
2  Craig G. Côté, Esq. (State Bar No. 132889)
3  **MANNING LAW, APC**
   4667 MacArthur Blvd., Suite 150
4  Newport Beach, CA 92660
5  Office: (949) 200-8755
   ADAPracticeGroup@manninglawoffice.com
6
7
8  Attorneys for Plaintiff: JAMES RUTHERFORD
9
10
                UNITED STATES DISTRICT COURT
11
            CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION
12

| | |
|---|---|
| JAMES RUTHERFORD, an individual, | **Case No.** |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For:** |
| v. | 1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* |
| HELLAS, INC., a Montana corporation, dba John's Place; JOHN TSIOLIS and PATRICIA TSIOLIS, as individuals; and DOES 1-10, inclusive, | 2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq*. |
| Defendants. | |

Plaintiff, JAMES RUTHERFORD ("Plaintiff"), complains of Defendants HELLAS, INC., a Montana corporation, dba John's Place; JOHN TSIOLIS and PATRICIA TSIOLIS, as individuals; and DOES 1-10 ("Defendants") and alleges as follows:

# PARTIES:

1. Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc. Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects. As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting and uses a mobility device, including when necessary, a Rollator and/or a wheelchair. Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

2. Defendant JOHN TSIOLIS and PATRICIA TSIOLIS, as individuals, owned the property located at 56249 Twenty Nine Palms Hwy, Yucca Valley, CA 92284 ("Property") as early as March 15, 2015 and May 23, 2017, or before.

3. Defendant JOHN TSIOLIS and PATRICIA TSIOLIS, as individuals, own the Property currently.

4. Defendant HELLAS, INC., a Montana corporation ("Owner"), owned, operated and controlled the business of John's Place ("Business") as early as March 15, 2015 and May 23, 2017, or before.

5. Defendant Owner owns operates and controls the Business currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the Property and Business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a

necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

8. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the Property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff went to the Business and Property on or about March 15, 2015, and May 23, 2017. On March 15, 2015, Plaintiff stopped at the Business on the way to Joshua Tree National Park for a meal. On May 23, 2017, Plaintiff went to the Business for the same reason as on March 15, 2015.

11. The Business, including the Subject Property, is a facility open to the public, a place of public accommodation, and a business establishment.

12. Entrance/Exit doors, service counters, and bathroom facilities are some of the facilities, privileges and advantages reserved by Defendants to persons at the Property serving the Business.

13. Unfortunately, although doors, service counters and bathroom facilities were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the named facilities to fail as to compliance with the

Americans with Disability Act Accessibility Guidelines ("ADAAG") in or around March 15, 2015 and May 23, 2017, or at any time thereafter up to and including, the date of the filing of this complaint.

14. Instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: an entrance door handle that requires tight grasping or twisting of the wrist (section 404.2.7 and 309.4); an entrance door closer not adjusted so that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is five (5) seconds minimum (section 404.2.8.1); height of the sales counter is in excess of 36 inches (section 904.4.1); the checkout aisles, sales counters, service counters, food service lines, queues, and waiting lines fail to comply with section 227; the grab bar at the rear of the water closet is shorter than the minimum 36 inches required (section 604.5), the centerline of the water closet is approximately 15 inches away from the nearest wall (section 604.2); the flush controls are not located on the open side of the water closet (section 604.6); clearances around the water closet are less than the 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall (section 604.3.1); no clear floor space at the interior of the restroom doorway at least 18 inches clearance on the latch side of the door (table and figure at 404.2.4.1); no turning space complying with section 304 exists at the lavatory or water closet; the bottom edge of the sink mirror exceeds 40 inches in height (section 603.3); and, the height of the bottom lip of the urinal is approximately 24 inches which is in excess of the 17 inches allowed (section 605.2).

15. Subject to the reservation of rights to assert further violations of law after a site inspection found *infra* at paragraph 24, Plaintiff asserts there are additional ADA violations which affect him personally.

16. Plaintiff is informed and believes and thereon alleges that, currently, there are no compliant, accessible Business facilities designed, reserved and available to persons with disabilities at the Business in addition to that alleged

above.

17. Plaintiff is informed and believes and thereon alleges that Defendants had no policy or plan in place to make sure that the parking spaces with required signage and an accessible path to the accessible entrance of the business were available to persons with disabilities and remained compliant prior to March 15, 2015, and May 23, 2017.

18. Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the complaints of violations alleged above are available to persons with disabilities and remain compliant currently.

19. Plaintiff personally encountered the above alleged barriers when attempting to access the Business and Property. These inaccessible conditions denied the Plaintiff full and equal access and caused him difficulty, humiliation, frustration and upset.

20. As a result of his difficulty, humiliation, frustration and upset because of the inaccessible condition of the facilities of the Business, Plaintiff did not fully access the Business or Property. However, Plaintiff would like to return to the location given its close proximity to his residence.

21. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

22. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

23. Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the

dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading their responsibilities under federal and state law.

24. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disabilities. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that Plaintiff seeks to have all barriers related to their disabilities remedied. See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

25. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location, and therefore, (3) the lack of accessible facilities was not an accident because had the defendants intended any other configuration, they had the means and ability to make the change.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*.

26. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

27. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns,

leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a).  Discrimination is defined, inter alia, as follows:

    a.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.    A failure to remove architectural barriers where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

    c.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12183(a)(2).

28.    Any business that provides parking spaces must provide accessible parking spaces.  1991 Standards § 4.1.2(5).  2010 Standards § 208.  Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2.   Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory.  Specifically, built

up curb ramps are not permitted to project into access aisles and parking spaces.  Id.  No more than a 1:48 slope is permitted.  Standards § 502.4.

29. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

31. Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

32. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

33. California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq*.

34. Because Defendants violate Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f),52(a).)   These violations are ongoing.

35. Defendants' actions constitute intentional discrimination against Plaintiff on the basis of their individual disabilities, in violation of the UCRA, Civil Code § 51 *et seq*.   Plaintiff is informed and believes and thereon alleges Defendants have been previously put on actual notice that its premises are inaccessible to

1 Plaintiff as above alleged. Despite this knowledge, Defendants maintain the
2 Property and Business in an inaccessible form.

3       36. Because the violation of the Unruh Civil Rights Act resulted in
4 difficult, discomfort or embarrassment for the Plaintiff, Defendants are also
5 responsible for statutory damages, i.e. a civil penalty. (Civ. Code § 55.56(a)-(c).)

## PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1. A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property; **Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act at all.**

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code and $4,000 for each time he visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal enjoyment of the premises (*Feezor v. Del Taco, Inc.* (2005) 431 F.Supp.2d 1088, 1091.)

3. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: July 12, 2017           **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Craig G. Côté, Esq.
Attorneys for Plaintiff